IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **BARRY MARQUEZ PARTEE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 3:12-CV-105 (CDL) |
| | : | |
| **JOE CHAPMAN,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| **Defendants.** | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is a Motion to Dismiss Complaint filed by Defendants Joe Chapman, Wade Harris, and Deborah Atkinson. Doc. 17. Defendants contend that Plaintiff Barry Marquez Partee's Complaint must be dismissed pursuant to the Prison Litigation Reform Act (PLRA) because Plaintiff fails to allege a physical injury. Because Plaintiff has failed to allege that he suffered a physical injury as a result of the alleged constitutional violations, his claims for compensatory and punitive damages must be dismissed. Plaintiff may, however, recover nominal damages absent a showing of a physical injury. Accordingly, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss Complaint be **GRANTED** in part and **DENIED** in part.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 26, 2012, Plaintiff Barry Marquez Partee filed his Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants Joe Chapman, Wade Harris, and Deborah Atkinson violated his constitutional right to due process by placing and holding Plaintiff in administrative segregation at the Walton County Jail while Plaintiff awaits trail. Doc. 1. Plaintiff alleges that prison officials placed him in administrative segregation involuntarily due only to the severity of the unproven charges against him and have continued to hold him in administrative segregation

since his arrest in May of 2009. Id. Plaintiff states that he is held on 23-hour "lock-down" despite complaints about his placement to all three Defendants throughout his three years of confinement. Id.; Doc. 10. Plaintiff contends that his placement in administrative segregation is punitive and that he received no type of hearing before or after he was placed in segregation. Doc. 1. Plaintiff requests monetary damages for his mental and physical suffering, as well as "any further relief deemed just under the circumstances." Id.

Following a frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff's claims against Defendants were allowed to proceed. Doc. 11. On January 7, 2013, Defendants filed the instant Motion to Dismiss Complaint. Doc. 17.

DISCUSSION

Defendants contend that Plaintiff's Complaint must be dismissed because Plaintiff fails to allege a physical injury. Because Plaintiff has failed to meet the physical injury requirement of the PLRA, he may not recover compensatory or punitive damages in this case. Plaintiff has also requested "any further relief deemed just under the circumstances." Because the physical injury requirement of the PLRA does not preclude nominal damages, Plaintiff's claims for nominal damages may proceed.

Pursuant to the PLRA, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).[1] The physical injury requirement is "a limitation on recovery only…." Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999), opinion vacated by 197 F.3d 1059 (11th Cir. 1999), opinion reinstated in relevant part by 216 F.3d 970 (11th Cir. 2000). A prisoner may not recover compensatory or punitive damages for emotional suffering absent the showing of a prior physical injury. Al-Amin v. Smith, 637

---

[1] Although Plaintiff is a pre-trial detainee, he is still subject to the PLRA. See 42 U.S.C. § 1997(h).

F.3d 1192, 1196 (11th Cir. 2011); Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003). A plaintiff, however, may recover nominal damages "if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Hughes, 350 F.3d at 1162.

In this case, Plaintiff has failed to allege a sufficient physical injury to recover compensatory or punitive damages. Although, Plaintiff alleges some physical pain and increased blood pressure due to the rigors of administrative segregation, such claims are not sufficient to show a physical injury. See Quilan v. Personal Transportation Services, Co., 329 Fed. Appx. 246 (11th Cir. 2009); Powell v. Harrison, 2010 WL 331922 (S.D.Ga. 2010). Accordingly, Plaintiff's claims for compensatory and punitive damages must be dismissed.

Plaintiff's claims for nominal damages may proceed. In addition to monetary damages for his suffering, Plaintiff requests "any further relief deemed just under the circumstances." The Eleventh Circuit has found that such a request amounts to a request for nominal damages. Boxer X v. Donald, 169 Fed. Appx. 555, 559 (11th Cir. 2006). Accordingly, the Court construes Plaintiff's request as a request for nominal damages. Because Plaintiff has alleged a violation of his fundamental constitutional right to due process, his claims for nominal damages may proceed.

## CONCLUSION

Because Plaintiff has failed to allege that he suffered a physical injury as a result of the alleged constitutional violations, his claims for compensatory and punitive damages must be dismissed. Plaintiff, however, may recover nominal damages absent a showing of a physical injury. As such, Plaintiff's claims for nominal damages shall proceed. Accordingly, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss Complaint be **GRANTED** in part and

**DENIED** in part. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 2nd day of July, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
